GENUINO ZAZZARA et al., Landlords, Respondents, *v.* JAMES V. CASSATA et al., Tenants, Appellants.

County Court, Monroe County, July 1, 1949.

*Arthur E. Rosenberg* for respondents.

*Darrow A. Dutcher* for appellants.

O'MARA, J. This is an appeal from a directed verdict in favor of the landlords and from a final order and judgment entered pursuant to a directed verdict in favor of the landlords granting to them possession of certain commercial premises, the said judgment having been entered in the Civil Branch of the City Court of Rochester, New York.

It appears from the testimony that a written lease of the premises in question was entered into between the landlords and tenants on the 26th day of February, 1946, leasing certain commercial premises located at No. 14 Santee Street in the city of Rochester, New York, to the tenants for a period of three years commencing March 3, 1946, and ending March 3, 1949, for a monthly rental of $125. The lease further provided that it could not be assigned and a further provision that the tenants would have the option to renew the said lease for an additional period of three years provided, and here I quote from the lease, "*they* shall notify the landlords accordingly on or before September 1, 1948." (Emphasis mine.)

It appears further from the testimony that the tenants conducted a bakery business on the leased premises as a partnership under the name of " Bakery Delight " and that a certificate to that effect signed by both tenants was filed in the Monroe County Clerk's Office on April 12, 1946. It appears further that the tenant Peter J. Cassata withdrew from the said partnership and executed a certificate of withdrawal to that effect on August 19, 1947, which said certificate was filed in the Monroe County Clerk's Office on November 10, 1948.

The tenant Peter Cassata, called as a witness by the landlords, testified that he was not in physical possession of the leased premises on the expiration date of the lease, namely, March 3, 1949, or at any time subsequent to the said date. It further appears that on the same date, namely, August 19, 1947, that the tenant Peter J. Cassata executed the certificate of withdrawal, he entered into an agreement with his cotenant and partner James V. Cassata, transferring all of his right, title and interest in the copartnership business including the lease in question.

The testimony further discloses that on March 17, 1948, Harry Z. Harris, attorney, and a member of the law firm which has represented the tenants throughout these proceedings, signed and mailed to the landlords a letter which reads as follows: " The Cassatas, your tenants, do hereby pursuant to the lease from you dated February 26th, 1946 covering premises at 14 Santee Street, Rochester, New York, notify you that they hereby exercise their right to renew said lease for the period of three (3) years, as referred to in paragraph ' 3 ' of the lease."

The testimony discloses that Mrs. Cassata, wife of the tenant James V. Cassata, assisted her husband in connection with the operation of the bakery business. It must be assumed that " The Cassatas " referred to in the letter of March 17, 1948, referred to James V. Cassata and his wife, rather than the cotenants as named in the lease, for it is obvious that the cotenant Peter J. Cassata never gave any authority to exercise any right which he might have had to renew the said lease. It is apparent, likewise, that the cotenant Peter J. Cassata, had no right to exercise the option of renewal on March 17, 1948, due to the fact that his interest in the leased premises terminated on August 19, 1947.

It is the contention of the cotenant James V. Cassata, who remained in possession of the leased premises beyond the expiration date of the lease and which resulted in the commencement

of these proceedings, that he is entitled to remain in possession by virtue of the notice to the landlords contained in the letter of March 17, 1948. He further contends that the landlords had notice of the termination of the copartnership of the tenants and that the landlords, having accepted the monthly rent from the remaining tenant James V. Cassata, they thereby recognized him as the sole remaining tenant, all of which gave to the said tenant the sole right to exercise the option of the renewal of the lease.

It is believed that the matter in controversy can be determined solely on the legal sufficiency of the notice to the landlords of March 17, 1948, by which notice " The Cassatas " sought to exercise their right of option to renew the lease.

As above pointed out, it must be admitted that the tenant Peter J. Cassata took no part in connection with the notice to renew the lease and that being so, the said notice was ineffectual. The said notice did not constitute a compliance with the terms of the written lease, which provided that in order for the cotenants to exercise their option to renew the lease, both had to join in a notification to that effect to the landlords on or before September 1, 1948. The exercise of an option of renewal given to two tenants must be by their united action. (*Foster* v. *Mulcahey,* 196 App. Div. 814.)

The facts in this case follow within the principle laid down by the court in *James* v. *Pope* (19 N. Y. 324) to the effect that where one of several partners holds over under a lease made to the partnership, the other parties retiring, it does not renew or continue the tenancy after the expiration of the original term.

It is the opinion of this court that the orders and judgment appealed from should be affirmed.

Orders and judgment affirmed, with costs.

Submit order accordingly.